UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                         :

WAKARI DIAKITE,                       :
                                           :

                     Plaintiff,    :
              - against -        :              24-CV-7070 (VSB)
                                           :

UNITED STATES OF AMERICA,     :       **OPINION & ORDER**
                                           :

                     Defendant.  :
                                           :
--------------------------------------------------------X

<u>Appearances</u>:

Gregory D. Bellantone
Tannenbaum Bellantone & Silver, PC
Lake Success, NY
*Counsel for Plaintiff*

Jessica F. Rosenbaum
United States Attorney's Office
Southern District Of New York
New York, New York
*Counsel for Defendant*

<u>VERNON S. BRODERICK, United States District Judge</u>:

       Before me is Defendant the United States of America's motion to dismiss for lack of

subject matter jurisdiction, (Doc. 10), and the Complaint of Plaintiff Wakari Diakite ("Plaintiff

or "Diakite"), (Doc. 1), which asserts claims of medical malpractice arising out of Plaintiff's

hospital admission to BronxCare Hospital Center, formerly known as Bronx-Lebanon Hospital

Center ("BLHC"), pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*  Because

Plaintiff's claim is excepted from FTCA coverage and I thus do not have subject matter

jurisdiction over this matter, Defendant's motion to dismiss is GRANTED.

# I.    <u>Factual Background</u>[1]

Plaintiff received treatment at the BLHC in the Bronx, New York, from June 30, 2021 to August 3, 2021.  (Compl. ¶ 7.)  According to Plaintiff, he developed a sacral decubitus ulcer while at BLHC "as a result of negligence and departures from good and accepted medical practice by the physicians, nurses and staff of the United States Department of Health and Human Services, during the Plaintiff's hospital admission to [BLHC]."  (*Id.* ¶¶ 8, 3.)

Plaintiff submitted an SF-95 administrative claim, dated June 21, 2023, related to his injury to the Department of Health and Human Services ("DHS").  (*See* SF-95; *see also* Datta Decl. ¶ 4.)[2]  The claim reads as follows:

> The Claimant was caused to sustain a sacral decubitus ulcer due to the carelessness and negligence of United States of America, its agents servants and/or employees at BronxCare Hospital Center including but not limited to Maureen Kwankam, M.D., Ravish Singhal, M.D., Kimberly Song, M.D., Gilda Diaz Fuentes, M.D. and Virginia Andriola, R.N.
>
> BronxCare Hospital Center its agents, servants and/or employees were reckless, careless and negligent and negligent in departing from accepted medical practice in the care rendered to Claimant in causing allowing and permitting the plaintiff's decedent to develop a sacral stage 4 pressure injury; in failing to access the risks of the plaintiff's decedent developing a sacral decubitus ulcer; in failing to diagnose the plaintiff decedent's true condition; in failing to treat plaintiff's decedent's

---

[1] This factual background is derived from the allegations in Plaintiff's Complaint.  (Doc. 1 ("Compl.").)  I assume the allegations set forth in the Complaint to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings in this Opinion & Order.  In addition to the Complaint, I also take judicial notice of Exhibit 1 to the Declaration of Lisa Datta.  (Doc. 12-1 ("SF-95").)  This exhibit is Plaintiff's Standard Form 95 Notice of Claim under the FTCA, signed on June 21, 2023.  *See Chidume v. Greenburgh-N. Castle Union Free Sch. Dist.*, No. 18-CV-01790, 2020 WL 2131771, at *13 n.5 (S.D.N.Y. May 4, 2020) (considering an administrative Notice of Claim on a motion to dismiss).  Since subject matter jurisdiction is disputed here, I also reference documents necessary to determine whether or not I have jurisdiction to hear this case.  Although a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted).  "A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction."  *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (internal quotation marks omitted).

[2] "Datta Decl." refers to the Declaration of Lisa Datta in support of Defendant's motion to dismiss.  (Doc. 12.)

condition; in failing to timely and properly perform examinations to assess the skin in the Claimant's sacral area in failing to timely diagnose plaintiff's true medical condition; in failing to timely investigate the decedent's complaints and test results; in failing to ensure that the Claimant did not develop pressure sores; and when he did develop pressure sores, failed to provide the necessary treatment and services to promote healing, prevent infection and/or prevent new sores from developing; in failing to properly and adequately wash Claimant on a regular basis; failing to follow protocols regarding skin care, including inspecting the skin every day, keeping the skin clean, keeping the skin dry and relieving areas of moisture near the skin; failing to prevent the development of pressure sores; failing to relieve pressure on the Claimant's sacrum; in failing to place padding under Claimant's sacrum, in failing to appreciate plaintiff mental status and lack of mobility; in failing to applied moisturizers and skin treatments to the Claimant's sacrum; in failing to create and implement a proper Care Plan for Claimant; in failing to turn and reposition Claimant at regular intervals; in failing to timely detect the development of pressure sores on Claimant's sacrum; in failing to properly position Claimant while in bed; in failing to properly diagnose and treat Claimant's pressure sores; failing to refer Claimant to a wound care specialist in a timely fashion; failing to appreciate the severity of Claimant's pressure sores; in negligently discharging the Claimant from the hospital; in discharging the Claimant without proper instructions for the care and treatment of a sacral ulcer and otherwise being reckless, careless and negligent under the circumstances.

(SF-95 at 3.)  Plaintiff sought $1,000,000.00 in damages.  (*Id.* at 1.)  HHS denied Plaintiff's administrative claim by letter dated April 4, 2024, stating that "[t]he evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment."  (Doc. 12-2 at 1; *see also* Datta Decl. ¶ 5.) HHS's denial detailed the steps Plaintiff could take if he would want to request reconsideration of his administrative claim.  (*See* Doc. 12-2 at 1–2.)  Neither party indicated that Plaintiff appealed the denial of his administrative claim.

## II.    **Procedural History**

Plaintiff filed the Complaint in this action on September 18, 2024.  (Doc. 1.)  The Complaint contains one claim against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. and 28 U.S.C. § 1346(b)(1) for medical malpractice. Plaintiff alleges that the treatment rendered by BLHC "faile[d] to comply or otherwise meet the

minimum standards required of a residential healthcare facility," and that his injury was caused by the "carelessness, negligence and departures from good and accepted medical malpractice by the defendant." (Compl. ¶¶ 9, 8.)  Plaintiff's Complaint seeks $1,000,000.00 in damages. (*Id.* ¶ 13.)

On December 20, 2024, Defendant filed a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), (Doc. 10), a supporting memorandum of law (Doc. 11), and a supporting declaration with exhibits, (Doc. 12 ("Datta Decl.")).  On January 21, 2025, Plaintiff filed a declaration in opposition to Defendant's motion to dismiss for lack of jurisdiction. (Doc. 15 ("Opposition" or "Opp.").)[3]  On February 14, 2025, Defendant filed its reply brief in support of its motion to dismiss. (Doc. 16 ("Reply").)

### III.    Legal Standards

#### A.    *Federal Rule of Civil Procedure 12(b)(1)*

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561

---

[3] Plaintiff "did not submit a 'memorandum of law, setting forth the cases and other authorities relied upon in support of the motion,' as required by Local Civil Rule 7.1(a)(2).  Instead, the declaration of [Plaintiff's] counsel . . . includes legal arguments and citation to case law in support of [his opposition]. . . . Legal arguments and case law citations are not statements of facts based on the personal knowledge of the affiant or declarant; thus, the legal arguments and case law citations in [Plaintiff's counsel's] declaration are included therein improperly." *Haua v. Prodigy Network, LLC*, No. 20-CV-2318, 2021 WL 3931877, at *3 (S.D.N.Y. Sept. 2, 2021).  The "[f]ailure to file a memorandum of law in opposition to the opposing party's motion is, by itself, a sufficient basis to grant the motion." *Healthfirst, Inc. v. Medco Health Sols., Inc.*, No. 03-CV-5164, 2006 WL 3711567, at *3 (S.D.N.Y. Dec. 15, 2006) (quoting *Kamara v. United States*, No. 04-CV-626, 2005 WL 2298176, at *1 (S.D.N.Y. Sep. 20, 2005)); *see also Genesi v. Int'l Portfolio, Inc.*, No. 12-CV-5462, 2012 WL 5964391, at *2 (S.D.N.Y. Nov. 29, 2012) ("While failure to submit a memorandum of law in accordance with Local Rule 7.1 may constitute sufficient grounds for granting or denying a motion, this Court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." (internal citation and quotation marks omitted)).  "[I]n the interest of thoroughness," I will address Plaintiff's opposition on its merits notwithstanding the impropriety of the declaration. *Healthfirst, Inc.*, 2006 WL 3711567, at *3.  In the future, Plaintiff must comply with Local Civ. R. 7.1.

U.S. 247 (2010). Although a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon*, 752 F.3d at 243 (citation modified).[4]

"Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under Rule 12(b)(1) and 12(b)(6), the court must address the 12(b)(1) motion first." *Coniglio v. Garland*, 556 F. Supp. 3d 187, 194 (E.D.N.Y. 2021) (citation modified); *see also Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("[T]he court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." (internal quotation marks omitted)). Further, a court may dismiss an action sua sponte for lack of subject-matter jurisdiction. *Oscar Gruss & Son., Inc. v. Hollander*, 337 F. 3d 186, 193 (2d Cir. 2003); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B.    *Federal Rule of Civil Procedure 12(b)(6)*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[4] I note that the Second Circuit considered and declined to decide the question of whether the correct standard for establishing the existence of subject matter jurisdiction is a preponderance of evidence or a plausibility standard. *See Davis v. New York State Bd. of Elections*, 689 F. App'x 665, 668 (2d Cir. 2017). I similarly conclude that Plaintiff fails to satisfy subject matter jurisdiction under "either a preponderance or a plausibility standard." *Id.*

(2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Plausibility . . . depends on a host of considerations:  the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237.  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id.*

## IV.  <u>Discussion</u>

Since subject matter jurisdiction is disputed here, I am authorized to reference documents outside the pleadings that are necessary to determine whether or not I have jurisdiction to hear this case.  *Tandon*, 752 F.3d at 243 (under Rule 12(b)(1), "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits").  Plaintiff as "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id*. Plaintiff fails to meet this burden.

The FTCA provides a limited waiver of the United States' sovereign immunity for

"claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]"  28 U.S.C. § 1346(b)(1).  "The Public Health Service Act establishes that the remedies provided by the FTCA are the exclusive remedies for medical malpractice actions seeking damages for personal injury 'by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment.'"  *Ramos ex rel. Diaz v. Bronx-Lebanon Hosp. Ctr.*, No. 12-CV-6178, 2013 WL 93510, at *2 (S.D.N.Y. Jan. 4, 2013) (quoting 42 U.S.C. § 233(a)).  HHS "has the authority to deem entities receiving federal grant funds under 42 U.S.C. § 254b to be employees of the Public Health Service for purposes of receiving this coverage."  *Id*. (citing 42 U.S.C. § 233(g)(1)(A)).  "In addition to grantees under § 254b, [HHS] may also deem a 'subrecipient' of federal funds to be an employee of the Public Health Service."  *Id.* (citing 42 C.F.R. § 6.3).  "Entities that are subrecipients of grant funds . . . are eligible for coverage only if they provide a full range of health care services on behalf of an eligible grantee and only for those services carried out under the grant funded project."  42 C.F.R. § 6.3(b).

Here, BLHC is a subrecipient of federal grant funds.  (*See* Datta Decl. ¶ 6.)  In a case similar to this case, Magistrate Judge Gabriel W. Gorenstein described the relationship between BLHC, Bronx Lebanon Integrated Services System ("BLISS"), and coverage under the FTCA.  Specifically, Judge Gorenstein said that "BLHC has a medical servicing contract with a non-profit corporation called Bronx Lebanon Integrated Services System, Inc. ("BLISS"). . . . BLISS is the recipient of an HHS grant to provide preventative primary health care services. . . . Further, because of the medical servicing contract between BLHC and BLISS, BLHC has been deemed a

sub-recipient of FTCA coverage." *Obispo v. Bronx Lebanon Hosp.*, No. 19-CV-2815, 2019 WL 6870996, at *2 (S.D.N.Y. Dec. 17, 2019) (internal quotation marks omitted).

A December 30, 2005 letter from HSS to BLISS further elaborates on the relationship between BLHC, BLISS, and HHS and confirms that BLHC is a sub-recipient of BLISS's federal HHS grant because BLHC is "an entity which receives a grant or a contract from a covered entity to provide a full range of health services on behalf of the covered entity." (Doc. 12-3 ("HHS Letter") at 1 (quoting 42 C.F.R. § 6.2).) The HHS Letter explains that "sub-recipients of grant funds," such as BLHC, "are eligible for FTCA coverage only if they provide a full range of health care services on behalf of an eligible grantee and only for those services carried out under the grant funded project." (*Id.* (quoting 42 C.F.R. § 6.3(b)).) Moreover, one limitation on BLHC's FTCA coverage is that it "will not extend to services outside the scope of project of BLISS, including inpatient services at BLHC," *i.e.*, only care that originates at certain care delivery sites is covered, and inpatient services are excluded from FTCA coverage at BLHC. (*Id.* at 1–2.) The HHS Letter also provides:

> Coverage for hospital-based services is limited to health center based physicians who follow their patients from one of the approved delivery sites to BLHC to provide impatient medical care. . . . The services of the regular hospital staff (residents, nurses, anesthesiologists, etc.) who may be working with health center-based physicians following patients hospitalized at BLHC are not covered by FTCA. In order to be covered while providing services at the hospital, the covered entity must show that (1) the hospitalized patient was a patient at one of the approved health center delivery sites and (2) the attending physician is a health center-based physician (42 U.S.C. 254b(a)).
>
> Residents will be covered under the FTCA for the ambulatory medical care provided at one of the approved sites listed above, but will not be covered by FTCA for any inpatient medical services provided at the hospital. Coverage for inpatient services is afforded in very limited circumstances and can only be extended to the attending physician that follows a patient from the approved health center delivery site. (42 C.F.R. § 6.6(b); BPHC Pin 97-6).

(*Id.* at 2.) Finally, the HHS letter states that "BLHC employees who do not provide approved

services in an approved delivery site or who are not following a patient treated at an approved site would not be covered under FTCA." (*Id*. at 3.)  The approved delivery sites are:  (1) Dr. Martin Luther King, Jr., Health Center, (2) Ambulatory Care Network, (3) Family Practice Center, (4) Poe Medical and Dental Center, (5) Mid-Bronx Desperadoes Family Medicine, (6) Tiffany Primary Care Practice, (7) Crotona Park Family Practice, and (8) Medical Practice at Third Avenue.  (*Id*. at 1–2.)

As noted, the HHS Letter sets forth the scope of federal coverage under the FTCA where "(1) the hospitalized patient was a patient at one of the approved health center delivery sites and (2) the attending physician is a health center-based physician."  (HHS Letter 2.)  Moreover, the HHS Letter makes clear that "FTCA coverage will not extend to services outside the scope of project of BLISS, including inpatient services at BLHC." (*Id*.)  In fact, "[c]overage for inpatient services is afforded in very limited circumstances and can only be extended to the attending physician that follows a patient from the approved health center delivery site." (*Id*. (citing 42 C.F.R. § 6.6(b); BPHC PIN 97-6).)

Plaintiff was treated at BLHC, which was not one of the eight approved delivery sites that receive FTCA coverage.  (*See* Opp'n ¶ 3 ("The plaintiff was an i[n]patient at Bronx Lebanon Hospital Center"); *see also* HHS Letter 1–2 (listing the approved delivery sites eligible for coverage under the FTCA).)  Plaintiff also does not allege that a physician followed him from an approved delivery site to BLHC to provide inpatient care.  Instead, Plaintiff's injuries stem from services provided by the staff at BLHC.  (*See* Compl. ¶ 3 (alleging that Plaintiff sustained injuries "as a result of negligence and departures from good and accepted medical practice by the physicians, nurses and staff of the United States Department of Health and Human Services, during the Plaintiffs hospital admission to Bronx Lebanon Hospital, part of Bronx Care Hospital

Center."); *id.* ¶ 7 (alleging that between "June 30, 2021 and August 3,2021, the defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees undertook to and did render medical treatment to the plaintiff . . . at BronxCare Hospital Center, formerly known as Bronx Lebanon Hospital Center."); SF-95 at 1 (explaining that while Plaintiff was "a patient at Bronx Lebanon Hospital . . . between on or about June 30, 2021 and August 3, 2021, the physicians, nurses and staff at said hospital provided medical treatment to the [Plaintiff].").) This dooms Plaintiff's claim because the treatment that Plaintiff received at BLHC is plainly not covered under the FTCA.  *Cf. Ramos ex rel. Diaz*, 2013 WL 93510, at *2–3 (finding that because employees of BLHC provided services at an approved delivery site, Ambulatory Care Network/Women's Health Center, they were deemed employees of the Public Health Service and provided services on behalf of an entity eligible for FTCA coverage); *Obispo*, 2019 WL 6870996, at *7 (discussing the HHS letter and noting that "it is only the 'regular hospital staff' — rather than [] staff [covered by a federal grant at one of the approved sites]— who are not covered by the FTCA"); *Pryce v. United States*, No. 21-CV-1698, 2022 WL 3155842, at *3, *9 (S.D.N.Y. Aug. 8, 2022) ("The medical care provided to Plaintiff by Dr. Chuang at Weiler Hospital is subject to FTCA coverage because it was part of a continuous course of treatment from the care provided to Plaintiff by Dr. Chuang at CFCC," since "CFCC is one of those sites" "eligible for FTCA coverage as a 'subrecipient.'" . . . "Conversely, to the extent that Plaintiff's claims are directed at Weiler Hospital itself, or at other MMC employees who did not provide continuous care to Plaintiff arising from their treatment of her at CFCC, such claims are not covered by the FTCA, and the Court will dismiss them.").

Plaintiff does not seriously dispute the substance of the Government's argument that subject matter jurisdiction is lacking here, including the facts spelled out in the HHS Letter or the

findings in *Obisbo*.  (*See generally* Opp.)  Specifically, Plaintiff's Opposition does not address the arguments made in Defendant's motion to dismiss regarding FTCA coverage not extending to BLHC.  Plaintiff concedes this point by failing to address it in his Opposition.  *See Ghartey v. Farnsworth*, No. 08-CV-6682, 2010 WL 199691, at *2 (S.D.N.Y. Jan. 11, 2010) ("Although Plaintiff has filed opposition papers, Plaintiff does not oppose Defendants' subject matter jurisdiction arguments.  Thus, Plaintiff fails to carry his burden to show that this Court has jurisdiction to adjudicate his claims."); *W. Bulk Carriers KS v. Centauri Shipping Ltd.*, No. 11-CV-5952, 2013 WL 1385212, at *3 (S.D.N.Y. Mar. 11, 2013) (holding that plaintiff conceded issue of subject matter jurisdiction by failing to address it in its opposition brief).

Instead of responding to Defendant's arguments regarding the lack of subject matter jurisdiction, the Opposition argued that Defendant "should be equitably estopped from asserting a lack of FTCA coverage and dismissal of the lawsuit" because HHS's denial of Plaintiff's administrative claim by letter dated April 4, 2024 "was not denied due to the lack of any FTCA coverage" and, thus, Plaintiff did not commence an action against BLHC in state court.  (Opp. ¶¶ 8–10.)  Equitable estoppel is reserved for instances in which it "would be unjust to allow a defendant to assert a statute of limitations defense."  *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 442 (S.D.N.Y. 2014) (quoting *Zumpano v. Quinn,* 6 N.Y.3d 666, 673 (N.Y. 2006)), *aff'd*, 579 F. App'x 7 (2d Cir. 2014).  However, as the Government points out, "the basis for dismissal is the non-existence of the claim—not that the claim is untimely—and so equitable estoppel is wholly inapplicable for that reason alone."  (Reply 2–3.)

Moreover, Plaintiff pleads no facts to support the use of the equitable estoppel doctrine.  "To invoke equitable estoppel, a plaintiff must show that:  (1) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the

plaintiff reasonably relied on that misrepresentation to his detriment." *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995). Plaintiff essentially argues that he was induced to delay filing a lawsuit against BLHC because of the "misleading nature of the denial letter," (Opp. ¶ 9), but pleads no facts suggesting that the representations in the letter were untrue. In any event, even if Plaintiff could demonstrate that he was misled by the Government, his claim must be dismissed for lack of jurisdiction because it is his burden to establish subject matter jurisdiction. Moreover, even if the Government were precluded from raising the issue of subject matter jurisdiction, the law is clear that I could raise the issue sua sponte. *See Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte"); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff is essentially arguing that I should allow him to litigate in federal court even though I do not have subject matter jurisdiction over his claim; something that the law forbids. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54– 55 (2d Cir. 2016) ("[W]ithout jurisdiction, the district court lacks the power to adjudicate the merits of the case."); *Davis v. United States*, No. 13-CV-403, 2013 WL 5225931, at *5 (S.D.N.Y. Sept. 13, 2013) (rejecting the argument that the government should be "estopped from raising Plaintiffs' failure to exhaust as a defense in th[e] FTCA case" because "a party may not invoke equitable estoppel to create subject-matter jurisdiction over an action."); *Lamassu Holdings, L.L.C. v. Thompson*, No. 12-CV-3724, 2012 WL 13396106, at *1 (S.D.N.Y. Oct. 10, 2012) ("No action of the parties can confer subject matter jurisdiction upon a federal court, so principles of estoppel do not apply to subject matter jurisdiction determinations." (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982))); *Doe v.*

*F.D.I.C.*, No. 11-CV-307, 2012 WL 612461, at *4 n.8 (S.D.N.Y. Feb. 27, 2012) ("[S]ubject matter jurisdiction cannot be created by estoppel or by the actions of the parties."). Plaintiff has not cited any case where a court ignored its lack of subject matter jurisdiction to permit a plaintiff to litigate his claim in federal court. Thus, Plaintiff's equitable tolling argument cannot save his FTCA claim.

Since the medical malpractice that Plaintiff alleges is not eligible for coverage under the FTCA because Plaintiff does not allege that he received services at an approved delivery site or that a physician followed him from an approved delivery site to BLHC to provide inpatient care, Plaintiff cannot make a cognizable claim under the FTCA. Accordingly, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

**V.    <u>Conclusion</u>**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint, (Doc. 10), is GRANTED. The Clerk of Court is directed to terminate the open motion at Document 10, and is further directed to close this case.

SO ORDERED.

Dated: November 4, 2025
      New York, New York

Vernon S. Broderick
United States District Judge